IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GEORGE ALEXANDER YARID,
        Plaintiff,

v.                                          Civil Action No. 3:16-cv-00756-JAG

BRENNAN et al,
        Defendants.

## ORDER

This matter comes before the Court on the plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Dk. No. 1), filed on September 12, 2016. The plaintiff has made a showing of his inability to pay the required fees and the Court therefore GRANTS the Motion and DIRECTS the Clerk to file the Complaint attached to the Motion. *See* 28 U.S.C. § 1915(a).

This Court has reviewed the Complaint filed along with the plaintiff's application and finds that it fails to state a claim upon which relief can be granted.[1] The Court DIRECTS the plaintiff to file a particularized complaint within twenty-one (21) days of the date of this Order. The particularized complaint shall contain the following:

1) At the top of the particularized complaint, the plaintiff must place the following caption: "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:16-cv-756."

2) The first paragraph of the particularized complaint must contain a list of defendants as well as their addresses.

---

[1] The Court notes that this is not the first or even the second time that the plaintiff has filed a complaint in the Eastern District of Virginia arising out of similar factual claims. *See George Alexander Yarid v. Jean Jack Gibson, et al.*, No. 3:10-cv-143 (E.D. Va. March 8, 2010); *George Alexander Yarid v. Layton Harman, et al.*, No. 3:12-cv-143 (E.D. Va. March 30, 2012); *George Yarid v. Layton Harman, Shon Brennan and Roy Gerbil*, No. 3:14-cv-112 (E.D. Va. Feb. 18, 2014). Each previous case resulted in dismissal and in two cases the plaintiff was first directed to file a particularized complaint before being dismissed without prejudice.

3) Next, in a section titled "FACTS", the plaintiff must set forth legibly, *in separately numbered paragraphs*, a short statement of the facts giving rise to his claims for relief. As other courts have indicated to Mr. Yarid, these facts must set forth a claim cognizable in a federal district court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007) (explaining that a complaint must allege "enough facts to state a claim to relief that is plausible on its face").

4) Next, in separately titled sections, the plaintiff must clearly identify each legal claim and the basis under federal or state law for that claim, citing applicable statutes where possible. Under each section, the plaintiff must explain why he believes each defendant is liable to him. Such explanation should refer to the specific numbered paragraphs in the "FACTS" section that supports each legal claim.

5) Finally, the plaintiff should include a list of the relief he seeks. If he seeks money damages, the plaintiff should include the dollar amount of damages.

6) In the particularized complaint, the plaintiff may not refer to or rely on any previous pleadings or filings in prior cases. The particularized complaint must explicitly state all factual allegations and legal claims that the plaintiff would like this Court to consider.

Once filed, the particularized complaint will become the operative complaint in this case. Failure to comply strictly with the requirements set forth above will result in dismissal of the case. *See* Fed. R. Civ. P. 41(b).

It is so ORDERED.

Let the Clerk send a copy of this Order to the pro se plaintiff via U.S. Mail.

Date: September 29, 2016
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge