**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

GEORGE YARID,

       *Plaintiff*

  v.

SHON BRENNAN, WILLIAM
MARKLAND, AND YOUTUBE, LLC,

       *Defendants*

Civil Action No. 3:16-cv-00756-JAG

**MEMORANDUM IN SUPPORT OF DEFENDANT YOUTUBE, LLC'S
MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND .............................................................................................. 2

III. ARGUMENT ....................................................................................................................... 5

    A. 47 U.S.C. § 230 Bars Any Non-Copyright Claim Against YouTube ........................... 5

    B. Plaintiff Has Failed to State a Copyright Claim Against YouTube .............................. 7

        i. Plaintiff's Allegations of Infringement Are Inadequate .................................. 7

        ii. Plaintiff Cannot State a Copyright Claim Against YouTube .......................... 8

IV. CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 5

*CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004) ...................................... 9, 10

*Doe v. Geller*, 533 F. Supp. 2d 996 (N.D. Cal. 2008) ............................................................ 11

*Fox Broad. Co. v. Dish Network, L.L.C.*, 723 F.3d 1067 (9th Cir. 2013) ................................ 9

*Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.*, 763 F. Supp. 1 (S.D.N.Y. 1991) ................................................................................................................................ 7

*Gavra v. Google Inc.*, No. 5:12-CV-06547-PSG, 2013 U.S. Dist. LEXIS 100127 (N.D. Cal. July 17, 2013) ................................................................................................ 6

*Gee v. CBS, Inc.*, 471 F. Supp. 600 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3rd Cir. 1979) ................................................................................................................................ 7

*Han v. Ko*, No. BER-L-4737-15 (N.J. Super. Ct. Law Div. Apr. 1, 2016) ............................. 6

*Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400 (E.D. Va. 2011) ............................................................................................................................... 5

*Lancaster v. Alphabet Inc.*, No. 15-cv-05299-HSG, 2016 WL 3648608 (N.D. Cal. July 8, 2016) ................................................................................................................... 6

*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591 (4th Cir. 2013) ............................................................................................................................... 8

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) .............. 6

*Online Policy Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004) ....................... 10

*Paragon Servs., Inc. v. Hicks*, 843 F. Supp. 1077 (E.D. Va. 1994) ........................................ 7

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) ............................................ 9

*Proline Concrete Tools, Inc. v. Dennis*, No. 07cv2310-LAB (AJB), 2008 U.S. Dist. LEXIS 125601 (S.D. Cal. Aug. 17, 2008) ..................................................................... 8

*Randall v. United States*, 30 F.3d 518 (4th Cir. 1994) ............................................................ 5

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) ........................................................... 8

*Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*, 761 F. Supp. 2d 367 (E.D. Va. 2011) .......................................................................................................................... 10

*Vernor v. Autodesk, Inc.*, 621 F.3d 1102 (9th Cir. 2010) ................................................... 3, 10

*Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012) ...................................... 10, 11

*W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 850 F. Supp. 2d 630 (E.D. Va. 2012) ........... 5

*Williams v. Life's Rad*, No. 10-cv-86, 2010 WL 5481762 (N.D. Cal. May 12, 2010) ......... 10

*Wolf v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724 (S.D.N.Y. 2012) ..................... 11

*Zeran v. Am. Online, Inc.*, 129 F.3d 327 (4th Cir. 1997) ................................................... 2, 6

**STATUTES**

17 U.S.C. § 411(a) ....................................................................................................................... 8

17 U.S.C. § 512(c)(1) ................................................................................................................ 11

17 U.S.C. § 512(c)(1)(C)(3) ..................................................................................................... 10

17 U.S.C. § 512(g)(4) ............................................................................................................... 10

47 U.S.C. § 230 (Communications Decency Act Section 230) .................................... *passim*

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 5

## I.     INTRODUCTION

Plaintiff George Yarid has a dispute with Defendants Shon Brennan and William Markland. According to Plaintiff's allegations, these defendants have engaged in a campaign against him via phone calls, fake online postings in his name, and videos attacking his character. But that alleged conduct is not the issue here. That is because in addition to suing Defendants Brennan and Markland directly, Plaintiff also sued YouTube, LLC ("YouTube"), on the grounds that Defendants Brennan and Markland uploaded some of their videos about Plaintiff to www.youtube.com, YouTube's popular video-sharing website.

Litigation against YouTube over content uploaded by third parties is legally misguided. A broad federal statutory immunity—Section 230 of the Communications Decency Act (the "CDA")—bars virtually all claims against YouTube arising from the content supplied by other parties. The only conceivably relevant exception to the CDA's blanket immunity is for federal intellectual property claims. But to the extent Plaintiff asserts a copyright claim against YouTube in his Second Particularized Complaint, ECF 15 ("SPC"), he comes nowhere close to actually stating such a claim. While Plaintiff goes into detail about the actions of Defendants Brennan and Markland, his allegations regarding YouTube are at best generalized and conclusory. Plaintiff fails to identify: the specific copyrighted works at issue, the requisite copyright registrations for those works, and the allegedly infringing acts by YouTube. Beyond that, Plaintiff fails to allege the volitional conduct by YouTube required for a direct infringement claim, or any facts at all upon which a secondary infringement claim could be predicated. Even if he had alleged all this, his copyright claim would run headlong into YouTube's safe harbor under the Digital Millennium Copyright Act ("DMCA").

YouTube simply does not belong in this case. Plaintiff has failed to state a claim against it, and cannot do so. Accordingly, Plaintiff's case against YouTube should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

<u>YouTube.</u> Defendant YouTube, LLC operates the popular video-sharing website www.youtube.com. SPC ¶ 44. Users of the site may upload videos they create to YouTube's servers, where they are made available to viewers over the Internet. *Id*. As is relevant here, the content of these videos is selected and supplied by YouTube users—YouTube merely provides an online platform that hosts the user-supplied videos, and displays them to other users upon request.

<u>The CDA and the DMCA.</u> Recognizing the difficulties that online services like YouTube face in hosting vast libraries of user-generated material, Congress created several protections for those services. In particular, via the CDA, Congress broadly immunized service providers from claims based on content uploaded to their services by third parties. As an unbroken line of hundreds of cases has recognized, "[t]he purpose of this statutory immunity is not difficult to discern.…The imposition of tort liability on service providers for the communications of others represented, for Congress, simply another form of intrusive government regulation of speech. Section 230 was enacted, in part, to maintain the robust nature of Internet communication and, accordingly, to keep government interference in the medium to a minimum." *Zeran v. Am. Online, Inc*., 129 F.3d 327, 330 (4th Cir. 1997).

Similarly, to help online service providers deal with the copyright implications of hosting third party content and making it accessible to others, Congress enacted the DMCA, which protects service providers from infringement claims when they follow the statute's notice and takedown procedures. "The DMCA provides that a service provider is not liable for infringing user-posted

material on its service if, *inter alia*, it responds expeditiously to remove or disable access to the material upon receipt of a take-down notice claiming infringement." *Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1105 n.3 (9th Cir. 2010).

Plaintiff. Plaintiff, a resident of Virginia, alleges that he is the creator and owner of "The Gorgeous George Show," a public access television show which airs (with unknown frequency) in Richmond, Virginia. SPC ¶ 6. Plaintiff also alleges that he owns a radio show with the same title, which airs on WCLM AM1450. *Id*. ¶ 8. Plaintiff asserts that both "The Gorgeous George Show radio and television show" are "copyrighted with the Library of Congress," (*Id*. ¶ 9), and that a registration for "'Gorgeous George Show'…was made in July 17th 2012." (*Id*. ¶ 38). Notably, Plaintiff does not allege that the copyrighted work for which he claims to have obtained a copyright registration in 2012 is at issue in this case. Nor does he provide any other information regarding the supposed copyright registration.

Plaintiff's Allegations Against Defendants Shon Brennan and William Markland.

Defendants Brennan and Markland are both individuals living in California. SPC ¶¶ 4-5. They are not alleged to have any connection to YouTube beyond having uploaded videos to the service. Plaintiff alleges that Defendants Brennan and Markland have engaged in a series of misdeeds against him. Among other things, Plaintiff alleges that Brennan placed fake service calls to Plaintiff's taxi company (SPC ¶¶ 23-27), that Brennan placed ads in Plaintiff's name on the Men For Men section of Craigslist (*Id*. ¶ 31), and that Brennan repeatedly placed fake pizza orders for delivery to Plaintiff's home (*Id*. ¶ 33). Plaintiff also alleges that Defendant Brennan "produced many videos which he published upon www.youtube.com which discussed [Plaintiff]'s private bankruptcy," (*Id*. ¶ 34), that Defendant Brennan "posted a video on www.youtube.com alleging that

[Plaintiff] died," (*Id*. ¶ 29), and that Defendant Markland recorded his phone calls to Plaintiff and published them on www.youtube.com (*Id*. ¶ 41).

According to Plaintiff, at least some of the videos Brennan and Markland have uploaded to YouTube infringe Plaintiff's copyrights. *Id*. ¶ 45. Plaintiff claims the other defendants "downloaded and posted upon www.youtube.com many videos from The Gorgeous George Show which he published thereupon[.]" *Id*. ¶¶ 35, 39. Importantly, Plaintiff does not identify these allegedly infringing videos in his SPC. And while he says he "submitted many requests to www.youtube.com" explaining the copyrighted status of the unidentified "videos in question," he says nothing about how YouTube responded to those requests. *Id*. ¶ 46.

Based on these allegations, Plaintiff brought suit against Defendants Brennan and Markland. The Court granted Plaintiff leave to file *in forma pauperis*, and directed him to file a particularized complaint. ECF 2. When Plaintiff failed to do so, the Court dismissed Plaintiff's original complaint and ordered him to file a second particularized complaint that complied with specific instructions from the Court. ECF 12. The Court also consolidated the two previously separate actions against the defendants into the current action. ECF 16.

<u>Plaintiff's Allegations Against YouTube.</u>  Plaintiff added YouTube to this case in his SPC. But the SPC says virtually nothing about YouTube. Plaintiff certainly does not allege YouTube played any role in Brennan and Markland's alleged misconduct, nor in their creation of any videos. Indeed, Plaintiff does not even identify the specific videos with which he takes issue. It appears that Plaintiff's only quarrel with YouTube is that it has provided a platform that Brennan and Markland have used as part of their alleged harassment of Plaintiff.

### III. ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, the plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In the Fourth Circuit, to survive a motion to dismiss pursuant to Rule 12(b)(6), "plaintiffs' factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging their claims across the line from conceivable to plausible." *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 850 F. Supp. 2d 630, 632-633 (E.D. Va. 2012) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 410 (E.D. Va. 2011).

### A. 47 U.S.C. § 230 Bars Any Non-Copyright Claim Against YouTube.

Although Plaintiff styles his claim against YouTube as a count of "Copyright Infringement," his SPC suggests that he takes issue with YouTube because it has provided a platform that Defendants Brennan and Markland are allegedly using to harass him. For example, Plaintiff complains that "Youtube [is] not following their own guidelines of removal of lude [sic] and sexual suggestive material, as well of privacy issues and continuing with constant harassment in which youtube lays a blind eye to[.]" SPC ¶ 47. Although this allegation is unclear, Plaintiff appears to be

suggesting a claim against YouTube based on the content of videos allegedly uploaded to the YouTube service by Defendants Brennan and Markland.[1]

The CDA bars any such claim as a matter of law. The statutory immunity "precludes plaintiffs from holding interactive computer service providers liable for the publication of information created and developed by others." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 252 (4th Cir. 2009) (upholding dismissal of complaint based on content posted by third-party); *Zeran*, 129 F.3d at 330 ("By its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service."). Accordingly, as lengthy, unbroken line of cases has found, "[s]tate-law plaintiffs may hold liable the person who creates or develops unlawful content, but not the interactive computer service provider who merely enables that content to be posted online." *Nemet*, 591 F.3d at 254. Courts have repeatedly applied the CDA to immunize YouTube from claims like those Plaintiff hints at here. *See, e.g., Gavra v. Google Inc.*, No. 5:12-CV-06547-PSG, 2013 U.S. Dist. LEXIS 100127, at *1 (N.D. Cal. July 17, 2013) (CDA bars claims against YouTube); *Lancaster v. Alphabet Inc.*, No. 15-cv-05299-HSG, 2016 WL 3648608, at *2 (N.D. Cal. July 8, 2016) (same); *Han v. Ko*, No. BER-L-4737-15 (N.J. Super. Ct. Law Div. Apr. 1, 2016) (same; dismissing with prejudice complaint against YouTube based on third party's allegedly unlawful video). To the extent Plaintiff might actually assert such a claim, it would meet the same fate.

---

[1] Plaintiff has also stated, in communications with counsel for YouTube, that he believes YouTube should be held liable based on the posting of these videos, separate from any copyright interest he supposedly holds. Declaration of Peter Holm in Support of Defendant YouTube, LLC's Motion to Dismiss, ¶ 3.

### B. Plaintiff Has Failed to State a Copyright Claim Against YouTube

#### i. Plaintiff's Allegations of Infringement Are Inadequate.

Although Plaintiff's SPC invokes the phrase "copyright infringement" with respect to YouTube, Plaintiff fails to state such a claim for several reasons. For one thing, "[a] claimant alleging a copyright claim must state: (1) which specific original works are the subject of the claim; (2) that plaintiff owns the copyrights in issue; (3) that the works in issue have been registered; and (4) by what acts and during what time frame defendants have infringed the copyright." *Paragon Servs., Inc. v. Hicks*, 843 F. Supp. 1077, 1081 (E.D. Va. 1994) (citing *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3rd Cir. 1979); *Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.*, 763 F. Supp. 1 (S.D.N.Y. 1991)). Plaintiff satisfies none of those requirements.

All Plaintiff alleges is that Defendants Brennan and Markland "downloaded and posted upon www.youtube.com many videos from The Gorgeous George Show which he published.." SPC ¶¶ 35, 39. But Plaintiff does not specifically identify the work (*e.g.* the episode, the date, the content) that they allegedly infringe. *See* SPC ¶¶ 6-9 (alleging only that Plaintiff owns both a radio and television show entitled "The Gorgeous George Show"). Plaintiff effectively has alleged only that the other Defendants have copied some portion of some show that was broadcast at some point, leaving Defendants to guess what that might be.

Plaintiff's allegations regarding the requisite copyright registration are no better. He says only that "[t]he Gorgeous George show is copyrighted by Plaintiff George Yarid with the Library of Congress," and "[r]egistration was made in July 17th 2012." SPC ¶ 38. He provides no registration

number, no certificate, and no description that would identify what the registration covers, let alone show that it covers the unidentified copyrighted work at issue in this case.[2]

Plaintiff's allegations regarding YouTube's supposed acts of infringement are equally infirm. All that he supplies are vague references that the infringement supposedly occurred "[f]rom or about 2009, throughout 2017," (SPC ¶ 35) and "[f]rom or about, 2015 throughout 2016," (SPC ¶ 39). But he does not plead facts to show how YouTube allegedly committed infringement, where on its service allegedly infringing material may be found (*i.e.* the Uniform Resource Locator ("URL") of the allegedly infringing video), or when the infringement supposedly took place.

Plaintiff needs to supply all of this basic information to state a claim. He has failed to do so. His claim should be dismissed on this basis alone.

### ii. Plaintiff Cannot State a Copyright Claim Against YouTube.

Plaintiff's failure to supply the allegations required to state a copyright infringement claim is no mere technicality. In a host of ways, the absence of the allegations highlights substantive, fatal shortcomings in Plaintiff's claim against YouTube.

Plaintiff's failure to provide sufficient specificity regarding copyright registration is a prime example. It is not enough for Plaintiff to allege that he has registered some work—he must have actually registered the works that he claims in this case were allegedly infringed. *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 596-97 (4th Cir. 2013) ("If AHRN is correct, and the registrations obtained by MRIS do not cover the photographs themselves, MRIS may not assert infringement of those photographs by AHRN in this action."); *Proline Concrete*

---

[2] Plaintiff must show prior registration of the work to bring a copyright claim. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim…").

*Tools, Inc. v. Dennis*, No. 07cv2310-LAB (AJB), 2008 U.S. Dist. LEXIS 125601, at *9-10 (S.D. Cal. Aug. 17, 2008) ("[T]his court finds it is objectively unreasonable for a plaintiff to refuse to identify with any specificity whatsoever items(s) sought to be placed in issue from among an undifferentiated and undoubtedly large universe of potential designs"). Here, it appears that if Plaintiff secured any copyright registration at all, it does not cover the work allegedly infringed. Without that specific registration, Plaintiff cannot state a claim.

Plaintiff's failure to allege how YouTube supposedly infringed is equally problematic. As an online service provider that merely hosts material at the behest of users, YouTube is not liable for copyright infringement for content uploaded by users absent a showing of "volitional conduct"— "something more must be shown than mere ownership of a machine used by others to make illegal copies." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004). In other words, an online service that "owns an electronic facility that responds automatically to users' input is not a direct infringer." *Id.* As the Ninth Circuit recently explained, the volitional conduct requirement stems from "the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (internal citation omitted); *see also Fox Broad. Co. v. Dish Network, L.L.C.*, 723 F.3d 1067, 1074 (9th Cir. 2013) ("Infringement of the reproduction right requires copying by the defendant, which comprises a requirement that the defendant cause the copying.") (internal quotation marks and citation omitted).

Plaintiff has failed entirely to allege facts describing volitional conduct by YouTube—that is, conduct that proximately caused any infringement of Plaintiff's copyright. Nor could he do so. On Plaintiff's own telling, YouTube merely served as a host for content uploaded by Defendants

Brennan and Markland. *See* SPC ¶ 45. Absent allegations showing YouTube's direct action and proximate causation of alleged infringement, Plaintiff cannot ever state a direct infringement claim.[3]

Finally, even if Plaintiff could state an infringement claim against YouTube, any such claim would be barred by the DMCA. The DMCA shields an online service such as YouTube from claims of copyright infringement arising from material uploaded to the service by users. *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 27 (2d Cir. 2012); *see also Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1105 n.4 (9th Cir. 2010) (describing DMCA takedown procedure); *Williams v. Life's Rad*, No. 10-cv-86, 2010 WL 5481762, at *3 (N.D. Cal. May 12, 2010) (same). Under the statute, a copyright holder who believes that infringing material has been uploaded to a service may send a specific, tailored notice to the service requesting the material be removed. *Id.*; 17 U.S.C. §512(c)(1)(C)(3). Subject to certain limited exceptions inapplicable here, so long as the service removes or disables access to the allegedly infringing material, it is protected from claims of infringement regarding that material. *Id.*[4]

---

[3] Plaintiff likewise has not and could not plead facts sufficient to state a copyright claim under a contributory or vicarious liability theory. "Under a theory of contributory infringement, one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another is liable for the infringement, too." *CoStar Grp.*, 373 F.3d at 550 (internal quotation marks and citation omitted). "To establish vicarious liability for copyright infringement, a copyright owner must demonstrate that the entity to be held so liable: (1) possessed the right and ability to supervise the infringing activity; and (2) possessed an obvious and direct financial interest in the exploited copyrighted materials." *Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*, 761 F. Supp. 2d 367, 375 (E.D. Va. 2011) (internal quotation marks and citation omitted). There are no facts here to support either theory against YouTube, certainly none that Plaintiff has alleged.

[4] After the service removes or disables access to the allegedly infringing material, it may reinstate the material "upon counter-notice by the alleged infringer." *Online Policy Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1201 (N.D. Cal. 2004). The alleged infringer and the copyright claimant are then positioned to litigate against one another. Any claims against the service provider regarding material reinstated pursuant to such a counter-notice are barred. *Id*; 17 U.S.C. § 512(g)(4) ("A service provider's compliance with [Section 512(g)(2)'s counter-notice provision] shall not subject the service provider to liability for copyright infringement").

Courts have repeatedly held that YouTube qualifies for the DMCA's protections. *See, e.g.*, *Viacom*, 676 F.3d at 39 (YouTube is a service provider under Section 512); *Wolf v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 744 (S.D.N.Y. 2012) ("Courts have found services similar to Photobucket, such as YouTube.com…to be 'service providers' under the DMCA."); *Doe v. Geller*, 533 F. Supp. 2d 996, 1001-02 (N.D. Cal. 2008) ("Section 512(c) lays out a detailed process allowing a copyright owner who observes infringing content on a website like YouTube to have the content taken down."). Accordingly, absent some indication that YouTube failed to properly respond to a proper takedown request for the content at issue here, YouTube cannot be held liable for Plaintiff's copyright claim. 17 U.S.C. § 512(c)(1).

While Plaintiff vaguely alleges that he sent "many requests" to YouTube, he does not allege that those requests complied with the DMCA's requirements. SPC ¶ 46. More importantly, nowhere does Plaintiff allege that YouTube failed to take down allegedly infringing material in response to any proper notice from him. In short, any copyright claim Plaintiff could somehow make out against YouTube would be barred by the DMCA.

## IV. CONCLUSION

Plaintiff has not stated a copyright infringement claim against YouTube, and the facts he has alleged make clear that no such claim is viable. The CDA would bar any attempt by Plaintiff to assert alternative claims based on content uploaded to YouTube by others. As the Court has already given Plaintiff "a second bite at the apple" (ECF 12 at 2), YouTube respectfully requests that the Court dismiss Plaintiff's Second Particularized Complaint against YouTube with prejudice.

Dated: May 19, 2017

                                                   */s/ Veronica Ascarrunz*

Veronica Ascarrunz (VSB NO. 67913)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, N.W., Fifth Floor
Washington, D.C. 20006
Telephone: (202) 973-8843
Facsimile: (202) 973-8899
vascarrunz@wsgr.com

David H. Kramer, admitted *pro hac vice*
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Washington, D.C. 20006
Telephone: (610) 493-9300
Facsimile: (610) 493-6811
dkramer@wsgr.com

Peter C. Holm, admitted *pro hac vice*
WILSON SONSINI GOODRICH & ROSATI, P.C.
1 Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
pholm@wsgr.com

*Counsel for YouTube, LLC.*

## **LOCAL RULE 7(k) STATEMENT**

To Pro Se Plaintiff George Yarid:

Pursuant to Local Rule 7(k) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), you are hereby informed that Defendant YouTube, LLC has filed a dispositive motion addressed to your Second Particularized Complaint, ECF 15.

(1) You are entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and

(2) The Court could dismiss the action on the basis of YouTube, LLC's papers if you do not file a response; and

(3) You must identify all facts stated by YouTube, LLC with which you disagree and must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4) You are also entitled to file a legal brief in opposition to the one filed by YouTube, LLC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2017, I electronically filed with the Clerk of Court using the CM/ECF system, **MEMORANDUM IN SUPPORT OF DEFENDANT YOUTUBE, LLC'S MOTION TO DISMISS.** And I hereby certify that on May 19, 2017, I will mail the document by U.S. Mail to the following non-filing users:

George Yarid
Pro se Plaintiff
1307 Stoney Creek Drive
Henrico, Virginia 23238
(804) 836-2016
Gorgeousgeorgeshow1@netzero.com

Shon Brennan
5809 Los Amigos Street
Buena Park, CA 90620

William Markland
22382 Otesego Street
North Hollywood, CA 91601

Dated: May 19, 2017          /s/ Veronica S. Ascarrunz _____
                             Veronica S. Ascarrunz (VSB No. 67913)
                             WILSON SONSINI GOODRICH &
                             ROSATI, P.C. 1700 K Street, N.W.,
                             Fifth Floor Washington, D.C. 20006
                             Telephone: (202) 973-8843
                             Facsimile: (202) 973-8899
                             vascarrunz@wsgr.com
                             *Counsel for YouTube, LLC.*